[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 25, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15336
Non-Argument Calendar

_____

D. C. Docket No. 08-00020-CV-5-MCR/EMT
BKCY No. 05-50702-LMK

In Re:  BAGGETT BROTHERS FARM INC.,

Debtor.

_____

BAGGETT BROTHERS FARM INC.,

Plaintiff-Appellant,

versus

ALTHA FARMERS COOPERATIVE INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(February 25, 2009)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Baggett Brothers Farm, Inc., a debtor in bankruptcy, appeals the judgment in favor of a claim by Altha Farmers Cooperative. See 11 U.S.C. § 502(a). The district court affirmed the decision of the bankruptcy court that Baggett Brothers had not satisfied its debt to Altha, collection of the debt was not barred by laches, and Baggett Brothers was not entitled to discover monthly statements of other members of the cooperative. We affirm.

## I. BACKGROUND

Baggett Brothers operated a farming business and purchased farm supplies from Altha, a farmers' cooperative association of which Baggett Brothers was a member. In 1995, Baggett Brothers filed a petition under Chapter 11 of the Bankruptcy Code. As part of its plan of reorganization, Baggett Brothers executed in 1996 a promissory note and mortgage of $244,293.79 in favor of Altha. The note required Baggett Brothers to reimburse Altha in "15 equal annual installments of $32,011.71."

Baggett Brothers paid six annual installments between February 1996 and December 2000, but made no further payments to Altha in the amount of $32,011.71. In the meantime, Baggett Brothers continued to purchase farming supplies from Altha through an open operating account that it maintained with the

2

cooperative. Baggett Brothers remitted payments in different amounts to Altha. In October of 1996 and 1997, Altha made adjustments to Baggett Brothers' account of $130,000 and $283,527.90. In August 1997, attorney Charles Wynn wrote Altha on behalf of Baggett Brothers and expressed concern that Altha might be commingling records for the promissory note and the open operating account for Baggett Brothers. Wynn and Altha did not resolve the issue.

In 2005, Baggett Brothers filed a second petition for bankruptcy under Chapter 11. Nine months later, Altha filed an amended proof of claim for $312,083.30 to satisfy the note and mortgage. Baggett Brothers objected to the claim on grounds that it had either satisfied the debt, the debt had been forgiven, or collection of the debt was barred by laches.

To establish that the October 1996 and 1997 adjustments and other payments satisfied their debt, Baggett Brothers moved the bankruptcy court to compel Altha to produce payment records of other Altha cooperative members. The bankruptcy court denied the motion. The court rejected Baggett Brothers' argument that Altha had a pattern or practice of awarding discounts to its members and ruled that the records were not relevant to Altha's claim.

The bankruptcy court held a hearing on the objection by Baggett Brothers. See 11 U.S.C. § 502(b). Accountant Norman Webb testified that Baggett Brothers

3

made payments to Altha of various amounts in addition to the six annual payments of $32,011.71. Mr. Webb assigned all the payments to the promissory note and concluded that Altha received a substantial overpayment of the note. Mr. Webb's calculation did not account for any payments to reduce the balance of the open operating account for Baggett Brothers.

Mae Baggett, Baggett Brothers' former bookkeeper, testified that she requested in August 1997 that Altha itemize the account for the promissory note. After that request, Mrs. Baggett received an invoice from Altha that credited $283,000 to Baggett Brothers' account. Mrs. Baggett stated that she did not believe the adjustment was made in response to her inquiry and she never inquired about the reason for the adjustment. Mrs. Baggett opined that Altha had forgiven or cancelled a portion of Baggett Brothers' debt and that Altha had given similar credits to other farmers. Mrs. Baggett testified that she ceased payments to Altha after its general manager told her in 2001 that the note "had been taken care of."

After Baggett Brothers rested its case, Altha moved for a directed verdict. The bankruptcy court denied the motion. The bankruptcy court ruled that Baggett Brothers had shifted the burden to Altha to prove that the note had not been paid.

Altha presented testimony from its former general manager, Bill Peacock, and its credit manager, Pat Chestnut, that Baggett Brothers had not satisfied the

4

note and Altha had not forgiven the debt. Mr. Peacock explained that the $283,000 adjustment reflected a separation of the promissory note from Baggett Brothers' open operating account. Mr. Peacock stated that he had to request permission from the Board of Directors to cancel or forgive debt and he had not made such a request for Baggett Brothers. Mr. Peacock stated that, after Altha made the adjustment, he discussed with Mrs. Baggett and Bill Baggett the balance remaining in the open operating account.

Mr. Chestnut testified that he helped to prepare the proof of claim. He explained that he based the amount of the claim on checks and receipts submitted by Norman Webb. Mr. Chestnut met and discussed the payments on the note with Mr. Webb, who did not suggest that any payments other than the annual installments should be credited to the note.

The bankruptcy court overruled Baggett Brothers' objection and awarded a secured claim to Altha of $312,083.30. The court credited the testimony of Mr. Peacock and Mr. Chestnut and described Mr. Webb's accounting as "a fantasy." The bankruptcy court found that the six annual payments of $32,011.71 reduced the note and all other payments reduced the open operating account. The bankruptcy court refused to bar the claim based on laches because Baggett Brothers failed to prove that it was prejudiced by the delay.

5

Baggett Brothers filed a motion for a new trial and renewed motion to compel. Baggett Brothers challenged the factual findings of the court and argued that it needed monthly statements of other farmers to determine whether the adjustments reduced the balance of the note. The bankruptcy court ruled that the motion for a new trial failed to allege any recognized grounds for relief. See Fed. R. Bankr. P. 9023, 9024. The court denied the motion to compel on grounds that the monthly statements of other parties "would not be relevant or material to the issue before the Court and would not have led to admissible evidence" and that Baggett Brothers "failed to show any reasons for violating the privacy rights of non-parties to this litigation without their specific consent."

The district court affirmed. The district court ruled that the findings of the bankruptcy court were supported by the record. The court concluded that Baggett Brothers' defense of laches failed and Baggett Brothers was not entitled to discover the monthly statements.

## II. STANDARDS OF REVIEW

"[A]s [the] second court of review," we "examine[] independently the factual and legal determinations of the bankruptcy court and employ[] the same standard of review as the district court." In re Optical Techologies, Inc., 425 F.3d 1294, 1299–1300 (11th Cir. 2005). We examine the factual findings of the

bankruptcy court for clear error.  Id.  Those "findings of fact are not clearly erroneous unless, in light of all the evidence, we are left with the definite and firm conviction that a mistake has been made." In re International Pharmacy & Disc. II, Inc., 443 F.3d 767, 770 (11th Cir. 2005) (per curiam).  Both the refusal to apply the defense of laches and the denial of a motion for reconsideration are reviewed for abuse of discretion.  See Sanders v. Dooly County, Ga., 245 F.3d 1289, 1291 (11th Cir. 2001) (per curiam); Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993).

## III. DISCUSSION

Baggett Brothers challenges the decision of the bankruptcy court on three grounds.  First, Baggett Brothers argues that the bankruptcy court clearly erred in its finding that Baggett Brothers had not satisfied its debt to Altha.  Second, Baggett Brothers contends that the claim of Altha was barred by laches because Altha did not attempt to collect on the note for almost five years and was unable to produce accounting records regarding payment of the note.  Third, Baggett Brothers argues that it was entitled to discover monthly statements of other members of the cooperative to understand the adjustments to its cooperative account and to resolve whether its note to Altha had been paid or forgiven.  These arguments fail.

7

The bankruptcy court did not clearly err by sustaining the claim of Altha against Baggett Brothers. A verified proof of claim against the bankruptcy estate is presumed valid until the debtor objects. 11 U.S.C. § 502(a). The objection must "contain some substantial factual basis to support its allegation of impropriety[,]" Matter of Mobile Steel Co., 563 F.2d 692, 701 (5th Cir. 1977), and "overcome the [creditor's] prima facie case." Matter of Multiponics, Inc., 622 F.2d 709, 714 (5th Cir. 1980). If the debtor satisfies his obligation, the burden then shifts back to the creditor "to prove the validity of the claim by a preponderance of the evidence." 4 Collier on Bankruptcy ¶ 502.02[3][f] (15th ed. rev. 2007). Altha satisfied its burden of proof.

The record supports the finding that Baggett Brothers failed to pay its note to Altha. The promissory note obligated Baggett Brothers to pay Altha in annual equal installments and Baggett Brothers made only six of the fifteen payments required. The bankruptcy court was entitled to credit testimony consistent with this evidence that Altha had not forgiven the debt and that Baggett Brothers had not satisfied the note. See Fed. R. Bankr. P. 8013. The bankruptcy court was also entitled to discredit evidence that payments other than the annual installments satisfied the note. The bankruptcy court did not clearly err.

The bankruptcy court did not abuse its discretion when it ruled that the claim

8

of Altha was not barred by laches. To invoke the defense of laches, the proponent must establish there was a delay in collection of the debt that cannot be excused and that prejudiced the proponent. See Conagra, Inc. v. Singleton, 743 F.2d 1508, 1516 (11th Cir. 1984). "[L]aches is more than delay. 'It is time plus prejudicial harm, and the harm is not merely that one loses what he otherwise would have kept, but that delay has subjected him to a disadvantage in asserting and establishing his claimed right or defense.'" In re Casco Chem. Co. 335 F.2d 645, 651 (5th Cir. 1964) (quoting Point Landing, Inc. v. Ala. Dry Dock & Shipbuilding Co., 261 F.2d 861, 865 (5th Cir. 1958)). Baggett Brothers speculates that, but for the delay, it would have had access to Altha's accounting records from 1996 and 1997 that "likely would" explain the purpose for the adjustments, but the record contains substantial evidence that Baggett Brothers failed to satisfy the promissory note. The bankruptcy court was entitled to rely on that evidence and find that Baggett Brothers failed to prove prejudice.

The bankruptcy court also acted within its discretion when it denied the motion to compel. Baggett Brothers failed to provide any evidence that Altha forgave or cancelled the debts of its cooperative members through adjusting their accounts. The bankruptcy court was entitled to find that the account statements of other cooperative members were not relevant to the claim of Altha against Baggett

9

Brothers.

## IV. CONCLUSION

The judgment against Baggett Brothers is **AFFIRMED**.